WELCH, Judge,
concurring in part and dissenting in part.
I agree with the majority’s holding that the trial court did not err in admitting into evidence Lewis’s statement to the police. I disagree with the majority’s holding that the trial court did not err when it overruled Lewis’s objection to Detective Hardeman’s testimony that the events could not have happened in the manner in which Lewis had described. The majority relies on cases in which this Court has previously applied the “collective facts” rule to uphold the admission of testimony that constituted a “shorthand rendition of fact.” That rule has no application to this case because the testimony under review here involved Detective Hardeman’s opinion as to the ultimate issue. Lay testimony as to the ultimate issue generally is not permitted in Alabama, and the trial court erred when it overruled Lewis’s objection to the testimony in this case.
Rule 701, Ala. R. Evid., addresses the admissibility of opinion evidence by a lay witness and provides:
“If the witness is not testifying as an expert, the witness’s testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness’s testimony or the determination of a fact in issue.”
Rule 704, Ala. R. Evid., states: “Testimony in the form of an opinion or inference otherwise admissible is to be excluded if it embraces an ultimate issue to be decided by the trier of fact.” The Advisory Committee’s Notes to Rule 704 explain: “The basis for the preclusion is the fear that the admission of such an opinion will preempt the role and function of the fact-finder.”
In this case, the testimony given by Detective Hardeman went beyond shorthand perceptions of certain evidence — for example, that certain evidence was fresh, stale, or the like — that have been permitted as exceptions to the rule against lay testimony as to the ultimate issue. In *611 stead, the prosecutor sought to elicit from Detective Hardeman his opinion on the ultimate issue in the case. The majority acknowledges as much when it concludes that Detective Hardeman testified “concerning his impressions of the crime scene, specifically, whether the condition of the scene matched Lewis’s version of the events.” 27 So.3d at 610. (Emphasis added.) The opinion elicited by the prosecution’s question was not testimony regarding the facts; rather, the objectionable question and testimony followed the detective’s complete exposition of the pertinent facts. The elicited testimony was purely a meaningless assertion that amounted only to “choosing up sides” and was improper. Rule 701, Ala. R. Evid., Advisory Committee’s Notes, quoting Rule 701, Fed. R.Evid., Advisory Committee’s Note (“It is clear, however, that opinions should be excluded as not being helpful if they are ‘meaningless assertions which amount to little more than choosing up sides.’ ”).
Lewis’s objection to the question proposed to Detective Hardeman was well taken and should have been sustained by the trial court. The trial court abused its discretion in allowing the prosecutor to elicit testimony that invaded the province of the jury. Detective Hardeman’s testimony usurped the jury’s function, and its admission created reversible error. Therefore, I respectfully dissent from that portion of the opinion.